**UNITED STATES of America**

v.

**William LaMORTE, Defendant.**

**No. 89 Cr. 742 (DNE).**

United States District Court,
S.D. New York.

Sept. 17, 1996.

---

Robert M. Simels, Robert M. Simels P.C., New York, NY, for William LaMorte.

Martin Klotz, U.S. Attorney Office, White Plains, NY, for U.S.

## OPINION & ORDER

EDELSTEIN, District Judge:

Before this Court are motions by defendant William LaMorte ("defendant" or "LaMorte") to reduce his sentence pursuant to Federal Rule of Criminal Procedure ("Rule") 35, and to recuse this Court from his case. Because this Court finds that both motions are meritless, both motions are denied.

## BACKGROUND

Following a jury trial, defendant was convicted of one count of conspiring to import marijuana, in violation of 21 U.S.C. § 846, and one count of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a). The evidence introduced by the United States Attorney for the Southern District of New York ("the Government") at trial showed that defendant had organized the importation of nearly 120 tons of marijuana from foreign countries into the United States between 1970 and 1986. *United States v. LaMorte*, 950 F.2d 80, 81 (2d Cir.1991). Several members of defendant's drug operation testified for the Government against defendant at trial, including defendant's deck hands, boat captains, distributors, suppliers, and his brother. *Id.*

On March 18, 1991, this Court sentenced defendant to fifty years imprisonment without parole and fined defendant $49,200,000. *Id.* In a subsequent forfeiture proceeding, this Court ordered him to surrender an additional $25,000,000 in cash and property. *Id.* The Court of Appeals for the Second Circuit affirmed LaMorte's conviction on November 15, 1991, *United States v. LaMorte*, 950 F.2d 80 (2d Cir.1991), and the Supreme Court denied LaMorte's Petition for Certiorari on May 18, 1992. *LaMorte v. U.S.*, 504 U.S. 909, 112 S.Ct. 1938, 118 L.Ed.2d 544 (1992). On September 11, 1992, defendant filed the instant Rule 35 motion for a reduction in the sentenced originally imposed upon him by this Court.

In support of the instant motion, defendant claims to "br[ing] to the Court's attention a number of significant facts which may not have been known to the Court at the time sentence was imposed." (Affirmation, *United States v. LaMorte*, S89 Cr. 742 ("Rule 35 Affirmation") at 18 (Sept. 11, 1991).) He asserts that he has an "exemplary prison record," *id.* at 8, and that his sentence has had a "devastating" effect on his family. *Id.* at 10. Defendant submits eleven exhibits consisting of letters from family and friends who support these claims, as well as defendant's plea for a reduction in sentence. *Id.*, Exs. A–K. In addition, defendant argues that the sentence this Court imposed upon him exceeds the average sentenced imposed by courts for violations of 21 U.S.C. § 848. *Id.* at 14. Defendant concedes, however, that "[i]t may be that because the original sentence was a modest or reasonable one, a reduction is uncalled for." *Id.* at 18.

On June 18, 1996, defendant moved this Court for an order (1) recusing this Court from this case, and (2) for the Clerk of the Court of the Southern District of New York to assign this case to another District Court Judge for the purpose of deciding the pending Rule 35(b) motion. (Notice of Motion, *United States v. William LaMorte*, 89 Cr. 742 (June 18, 1996) ("Recusal Motion").) Defendant contends that this Court must recuse itself from deciding the underlying Rule 35(b) motion because he claims that this Court has waited "an unreasonably long time period" to render a decision of the motion. (Affidavit in Support of Motion, *United States v. William LaMorte*, 89 Cr. 742 ("Recusal Affidavit") at 3 (June 18, 1996).)

On September 11, 1996, the Government submitted a letter in opposition to both defendant's Rule 35(b) motion and defendant's motion for recusal. (Letter from Assistant United States Attorney Geoffrey R. Kaiser to the Honorable David N. Edelstein, United States District Judge for the Southern District of New York (Sept. 11, 1996) ("Kaiser Letter").) The Government asserts that defendant's recusal motion is unsupported by relevant case law and should be denied. *Id.* at 2–3. The Government "does not take any position on the defendant's [Rule 35(b) ] motion, and defers to this Court's judgment as to what if any, sentence reduction is appropriate in light of the documentation submitted by the defendant." *Id.* at 5.

## DISCUSSION

■ Currently before this Court is defendant's Rule 35(b) motion to reduce his sentence and his motion to recuse this Court from defendant's case. Because LaMorte's recusal motion challenges this Court's ability to resolve fairly defendant's Rule 35(b) motion, this Court will address defendant's recusal motion first. Before moving on to the substantive issues raised in defendant's motions, however, this Court notes that both of defendant's motions are deficient because they violate provisions of the rules that govern submissions to this Court.

For example, this Court's Individual Rule 1(a) requires that a party's papers include "a statement of actual service dates that demonstrate compliance with the [Federal Rules of Civil Procedure regarding service]." Honorable David N. Edelstein Individual Rules, Procedures and Forms ("Individual Rule"), Rule 1(a) (2d Ed. Oct. 1992). This Court's Individual Rule 1(b) orders that "[c]ourtesy copies of all papers [with exceptions inapplicable in the instant case] should be delivered to chambers on the date of filing." Individual Rule 1(b). This Court received courtesy copies of neither the Rule 35(b) motion nor the recusal motion. Even more troubling, this Court's examination of the original papers that defendant filed with the Clerk of the Court of the Southern District of New York in support of each of his motions reveals no statement or documentation in either submission that demonstrates compliance with the applicable rules for service of these motions upon the Government.

In addition, this Court's Individual Rule 4(a) states that "[m]otions must comply strictly with the Fed.R.Civ.P. and the Local Rules, particularly Local Rule 3," and requires that "[t]he notice of motion must specify the rule or statute on which it is based, or if it is not based on any specific rule of statute, then the notice must state that fact." Individual Rule 4(a). Local Rule 3(b) requires that a "moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon support of the motion," and provides that "[f]ailure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default." United States District Court for the Southern and Eastern Districts of New York Joint Rules for General, Civil, Criminal, Admiralty and Magistrate Judge Proceedings, Rule 3(b) (1995).

Defendant did not submit a memorandum of law to this Court in support of either the Rule 35(b) motion or the recusal motion. Instead, defendant's attorney submitted an "Affidavit In Support of Motion," with defendant's recusal motion, *see* (Recusal Affidavit), and an "Affirmation" with defendant's Rule 35(b) motion. *See* (Rule 35(b) Affirmation.) Moreover, as discussed below, defendant fails to cite to this Court any statute or relevant case law in support of his recusal motion. According to the Local Rules, these failings alone are "sufficient cause for denial of the motion[s]...." Local Rule 3(b).

Furthermore, this Court's Individual Rule 4(c) requires that "[f]or all motions—[with exceptions inapplicable to the instant case]— the moving party must request the court in telephone or in writing to schedule a pre-motion conference." Individual Rule 4(c). This Court has no record that defendant ever requested a pre-motion conference prior to submitting either the Rule 35(b) motion or the recusal motion.

In myriad cases, this Court has held that failure to comply with even a single one of the aforementioned rules constitutes grounds for denial of a party's motion. *See, e.g.,* Order, *Trerotola v. Local 72 of the International Bhd. of Teamsters,* 96 Civ. 0555, —— F.Supp. —— [1996 WL 673486] (S.D.N.Y. April 2, 1996); *Erbacci v. United States,* 166 F.R.D. 298, 303–09 (S.D.N.Y.1996); Memorandum Endorsement, *Allstate Ins. Co. v. Administratia Asigurarilor De Stat,* 86 Civ. 2365 (S.D.N.Y. June 19, 1995). This Court finds that defendant's numerous and repeated failures to comply with the Local Rules and this Court's Individual Rules provide more than sufficient cause for denying both the Rule 35(b) motion and the recusal motion in the instant case without reaching the respective merits of the motions. Nevertheless, because the instant motions concern the liberty of an incarcerated defendant, this Court will address the substantive issues

raised in each of defendant's motions despite defendant's repeated failure to follow the plain rules of this Court.

## I. Defendant's Recusal Motion.

██ Defendant moves this Court to recuse itself from his case and to order the Clerk of the Court to assign his case to another District Court Judge for purposes of deciding the pending Rule 35(b) motion. (Recusal Motion.) Defendant explains that Rule 35(b) provides that a court "shall determine the motion within a reasonable time," that his Rule 35(b) motion has been pending since September 1992, and that "[b]y any standard, 45 months is an unreasonably long time to allow a motion pursuant to Rule 35(b) to go undecided...." (Recusal Affidavit at 2–3.) Defendant contends that, as a result of this "unreasonably long time period," this Court has no further jurisdiction to decide the Rule 35 motion, and the "motion must be transferred to another District Court Judge." (Recusal Affidavit at 3.)

Although defendant neither cites nor suggests that any statutory provision provides a foundation for his claim, he offers two different theories that allegedly support his recusal motion. First, defendant claims that case law requires a district court to recuse itself from hearing a Rule 35(b) motion if an unreasonably long period of time has passed between the filing of the motion and the court's resolution of the motion. *Id.* Second, defendant asserts that this Court "should be guided in its determination of this motion by ... decisions[ ] that have analyzed the jurisdiction of the district court in the analogous setting of Federal Rules of Criminal Procedure, Rule 29 motion." *Id.* Defendant states that "[i]t is indisputable that a judge has no authority to reserve decision on a Rule 29 motion" for a "judgment of acquittal made after the evidence on either side is closed." *Id.* at 4–5. Defendant appears to argue that because a defendant has right to a prompt decision under Rule 29, he also has a right to a prompt decision under Rule 35(b). *Id.* at 4.

The Government disputes both of defendant's theories as meritless and unsupported by relevant case law. The Government contends that the case law upon which defendant relies in support of his first argument not only interprets a version of Rule 35(b) inapplicable to defendant's case, but also "do[es] not address the issue of recusal at all." (Kaiser Letter at 2–3.)

As for defendant's second argument, the Government asserts that "defendant's analogy to Rule 29 ... is misplaced." *Id.* at 3. The Government explains that "Rule 29 does not permit a court to reserve decision on a motion for judgment of acquittal that is made after 'the evidence on either side is closed' ... to ensure[ ] that the motion will be decided promptly 'so that the defendant would then be spared the necessity of introducing a defense with respect to the charge that should have been dismissed for insufficiency.'" *Id.* (internal citations omitted). The Government continues that "[t]he policies underlying the 'prompt decision' requirement of Rule 29(a), however, do not exist in the Rule 35(b) context where a defendant has been convicted and sentenced." *Id.* The Government asserts that this "is particularly true here, where defendant has only served five years of a fifty-year sentence, and is not eligible for parole." *Id.*

██ Although defendant failed to cite it in his submission to the Court, Title 28 United States Code, section 455(a) provides the relevant standard for evaluating the instant recusal motion. 28 U.S.C. § 455(a). As the Second Circuit has explained, under section 455(a), "[a] judge is required to recuse in any proceeding in which his impartiality might reasonably be questioned, and the test to be applied is an objective one which assumes that a reasonable person knows and understands all the relevant facts." *In re International Bus. Mach. Corp.*, 45 F.3d 641, 643 (2d Cir.1995) (internal quotations and citations omitted). Consideration of a motion for recusal is committed to the sound discretion of the district court, *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), and there is a substantial burden on the moving party to show that the judge is not impartial. *United States v. International Bus. Mach.*, 475 F.Supp. 1372, 1379 (S.D.N.Y.1979), *aff'd*, 618 F.2d 923 (2d Cir. 1980). "A judge should not recuse himself on unsupported, irrational or highly tenuous

speculation," *Lamborn v. Dittmer,* 726 F.Supp. 510, 514 (S.D.N.Y.1989) (quoting *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir.1987)), and has as much of an obligation "not to recuse himself when it is not called for as he is obliged to when it is." *Drexel Burnham,* 861 F.2d at 1312.

In the instant recusal motion, defendant has made no allegation that this Court's impartiality "might reasonably be questioned" in defendant's case. He has further failed to allege any facts that would either cast doubt on this Court's impartiality or support a finding that recusal is appropriate. Instead, defendant merely has accused this Court of resolving the underlying Rule 35(b) motion in an untimely manner. Defendant has cited no authority to support his claim that a court's delayed resolution of a Rule 35(b) motion is grounds for recusal, and this Court's own research reveals none. Moreover, this Court finds defendant's claim disingenuous given that defendant's aforementioned failure to comply with the rules governing the submission of documents to this Court gave rise to the circumstances that delayed resolution of defendant's Rule 35(b) motion. Accordingly, this Court finds that defendant has failed to meet his "substantial burden" of showing that this Court is not impartial in the instant case.

Defendant's arguments to the contrary do not require a different result. As the Government correctly states in its submission to this Court, defendant's claim that case law requires a district court to recuse itself from hearing a Rule 35(b) motion if an unreasonably long period of time has passed between the filing of the motion and the court's resolution of the motion is meritless. (Kaiser Letter at 3.) The three cases cited by defendant in support of this claim interpret an earlier version of Rule 35(b) that is inapplicable to defendant. *See United States v. Smith,* 650 F.2d 206 (9th Cir.1981); *United States v. Stollings,* 516 F.2d 1287 (4th Cir. 1975); *United States v. Ellenbogen,* 390 F.2d 537 (2d Cir.1968). In addition, two of these cases fail to even address the issue of recusal, *see generally, Stollings,* 516 F.2d 1287; *Ellenbogen,* 390 F.2d 537, while two are opinions from Courts of Appeals that are not

controlling in this jurisdiction. *Smith,* 650 F.2d 206 (9th Cir.); *Stollings,* 516 F.2d 1287 (4th Cir.).

The Government also is correct that defendant's analogy to Rule 29 "is misplaced." (Kaiser Letter at 3.) Rule 29 requires that a court rule promptly on a motion for judgment of acquittal that is made after "the evidence on either side is closed," Fed. R.Crim.P. 29(a), to ensure that a defendant will "be spared the necessity of introducing a defense with respect to the charge that should have been dismissed for insufficiency." *United States v. Neary,* 733 F.2d 210, 218 (2d Cir.1984). This policy, however, is inapplicable to a Rule 35(b) motion. At the time a defendant makes a Rule 35(b) motion, he already has been convicted and sentenced, and therefore does not face the "necessity of introducing a defense to [any] charge," insufficient or otherwise. Even defendant himself recognizes that there is no compelling reason for a court to rule promptly on a Rule 35 motion, for he concedes in his Rule 35 Affirmation that "whatever the Court does William LaMorte is not going to be released right away." (Rule 35 Affirmation at 13.) Consequently, this Court finds that defendant's recusal motion is meritless and should be denied.

## II. *Defendant's Rule 35(b) Motion.*

Pursuant to Rule 35(b), a federal district court has authority to reduce previously imposed legal sentences. The version of Rule 35 applicable to defendant provides:

A motion to reduce sentence may be made, or the court may reduce a sentence without motion, within 120 days after sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon the affirmance of the judgment or the dismissal of any appeal, or within 120 days after the entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment or conviction or probation revocation.

A Rule 35 motion is "essentially a plea for leniency." *United States v. Ellenbogen,* 390 F.2d 537, 543 (2d Cir.1968) (internal quotations omitted). "Rule 35 is intended to

give every convicted defendant a second round before the sentencing judge, and at the same time, it affords the judge an opportunity to reconsider the sentence in light of any further information about the defendant or the case which may have been presented to him in the interim." *Id.* The decision whether to grant a Rule 35(b) motion rests with the discretion of the trial court. *United States v. Baraldini,* 803 F.2d 776, 777 (2d Cir.1986).

As an initial matter, this Court notes that defendant's motion was timely filed within 120 days of the Supreme Court's denial of defendant's Petition for Certiorari. *United States v. Schoor,* No. 81 Cr. 325, 1990 WL 100248 (E.D.N.Y. June 22, 1990). Regarding the merits of the instant motion, however, this Court finds that all three of defendant's arguments in support of the instant motion are unavailing. To reiterate, defendant claims that this Court should reduce his sentence pursuant to Rule 35(b) because: (1) he has an "exemplary prison record," (Rule 35(b) Affirmation at 8); (2) his sentence has had a "devastating" effect on his family, *id.* at 10; and (3) the sentence that this Court imposed upon defendant exceeds the average sentenced imposed by courts for violations of 21 U.S.C. § 848. *Id.* at 14. Relevant case law undermines each of these three claims.

■ First, case law holds that a defendant's behavior or rehabilitation while incarcerated does not provide grounds to support a Rule 35 motion. *United States v. Walker,* No. 92 Cr. 586, 93 Cv. 6402, 1994 WL 30438, *1 (S.D.N.Y. Feb. 1, 1996); *United States v. Arcaro,* No. 89 Cr. 001, 1992 WL 73366, *1 (S.D.N.Y. April 1, 1992) (Edelstein, J.); *United States v. Amico,* 87 Cr. 479, 1989 WL 86026, *3 (S.D.N.Y. July 27, 1989). As this Court noted in *Arcaro,* "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in his sentence." *Arcaro,* 1992 WL 73366, at *1.

Second, courts in the Second Circuit consistently reject as a basis for granting a Rule 35 motion the suffering experienced by a defendant's family as a result of defendant's incarceration. *United States v. Ashor,* Nos. CR. 86–0593, CV. 94–5360, 1996 WL 164948, *2 (E.D.N.Y. Mar. 29, 1996); *Amico,* 1989 WL 86026, at *3; In *Ashor,* for example, the district court stated that "the suffering caused to defendant's family is neither unique nor unanticipated. It is the inevitable consequence of criminal activity of which any defendant is convicted and imprisoned." *Ashor,* 1996 WL 164948, at *2.

■ Third, defendant's claim regarding the disparity of his sentence is unsupported in law. *See Ashor,* 1996 WL 164948, at *2; *United States v. Gotti,* 791 F.Supp. 380, 382 (E.D.N.Y.1992). "Unless a defendant's sentence is so disproportionately severe as to violate the Eighth Amendment, the mere disparity between a sentence a defendant received and the sentence imposed upon others is no justification" for reducing defendant's sentence. *Gotti,* 791 F.Supp. at 382; *Ashor,* 1996 WL 164948, at *2. In the instant case, LaMorte does not claim that the sentence imposed upon him by this Court violates the Eighth Amendment. In fact, LaMorte actually admits that the sentence imposed upon him by this Court "may be . . . a modest or reasonable one." (Rule 35 Affirmation, at 18.) Accordingly, LaMorte's assertion that the alleged disparity between the average sentence imposed for violations of 21 U.S.C. § 848 and the sentence imposed upon him for such violation warrants a reduction in his sentence is meritless.

Finally, this Court finds no basis for exercising its discretion to grant defendant's Rule 35 motion. When this Court sentenced defendant in 1991, this Court took into account the numerous factors that courts consider when selecting an appropriate sentence for a convicted criminal, such as the nature, severity, and statutorily allowed penalties for the crimes charged, and defendant's prior criminal history, and individual personal and family circumstances. Because this Court considered these factors at the time it sentenced LaMorte, and because defendant has not provided this Court with any relevant new information that might justify this Court's reconsideration of its original sentence, this Court declines to exercise its discretion in favor of defendant's Rule 35 motion in this case.

*CONCLUSION*

IT IS HEREBY ORDERED THAT defendant's motion for recusal is DENIED.

IT IS FURTHER ORDERED THAT defendant's Rule 35 motion for a reduction of sentence is DENIED.

SO ORDERED.