**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Case I.D. No. 0812004092A |
| | ) | |
| ERIC JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: April 21, 2015
Date Decided: June 24, 2015

**ORDER DENYING DEFENDANT'S MOTION
FOR RELIEF FROM JUDGMENT**

This 24th day of June 2015, upon consideration of the Motion for Relief from Judgment pursuant to Superior Court Civil Rule 60(b) ("Motion") filed by Defendant, Eric Johnson; the applicable law; and the record in this case:

1. Defendant was indicted in January 2009 for Burglary Second Degree and other offenses arising from the unlawful entry into the home of an acquaintance. On July 1, 2009, a Superior Court jury found Defendant guilty of Burglary Second Degree, Possession of a Firearm During the Commission of a Felony, Possession of Burglar's Tools, and other offenses.

2. On September 25, 2009, the Court sentenced Defendant—on the six offenses—to a total of twenty-three (23) years at Level V, suspended after fourteen (14) years followed by probation.

3. On August 5, 2014, Defendant filed a Motion for Sentence Modification

pursuant to Superior Court Criminal Rule 35 ("Rule 35 Motion") arguing that his sentences should run concurrently rather than consecutively. On September 10, 2014, the Court denied Defendant's Rule 35 Motion on the ground that Level V time imposed for certain violent offenses—including Burglary Second Degree and Possession of a Firearm During the Commission of a Felony—must be served *consecutively*.

4. On April 21, 2015, Defendant filed the pending Motion seeking relief from the Court's September 10, 2014 Order. Defendant argues that he committed a victimless crime; that the sentence imposed relies on unsupported factual findings; and that no exceptional circumstances warrant a consecutive sentence. Defendant's Motion seeks review and modification of his sentence and, therefore, the Court deems Defendant's Motion as Defendant's SECOND Rule 35 Motion.[1]

5. Pursuant to Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[2] The intent of Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing

---

[1] *See Johnson v. State*, 113 A.3d 1080 (Del. 2015) (TABLE) (affirming the Superior Court's decision to treat defendant's Rule 60(b) motion as a Rule 35 motion

[2] Super. Ct. Crim. R. 35(b).

judgments.[3]   Where a motion for reduction of sentence is filed, under Criminal Rule 35(b), within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[4]  "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[5]

6. The sentence was imposed by Order dated September 25, 2009.  Defendant filed the SECOND Rule 35 Motion more than 90 days after imposition of the sentence and is, therefore, time-barred.  The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217.  Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[6] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion were best described by former Chief Justice (then Justice) Steele as those which "specifically justify the delay;" are "entirely beyond a petitioner's control;" and "have prevented the applicant from seeking the remedy on a

---

[3] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).
[4] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[5] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541-43 (2d. Cir. 1968) (explaining the time limitation and purpose of then-extant sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).
[6] *State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Dec. 7, 2006).

timely basis."[7]  Mitigating factors that could have been presented at sentence, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[8]  The Court does not find the existence of any extraordinary circumstances in connection with Defendant's SECOND Rule 35 Motion.

7. The Court has denied a prior Rule 35 Motion by Order dated September 10, 2014.   Pursuant to Criminal Rule 35(b), the Court will not consider repetitive requests for reduction or modification of sentence.  Criminal Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[9]  Unlike the 90-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception.  Instead, this bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[10]

8. Defendant's sentence is appropriate for all the reasons stated at the time of

---

[7] *State v. Lewis*, 797 A.2d 1198, 1205 (Del. 2002) (Steele, J., dissenting).

[8] *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board).  *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro,* No. 89 Cr. 001, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (stating that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence.").

[9] Super. Ct. Crim. R. 35(b) (emphasis added).

[10] *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002).  *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del. July 14, 2008) (explaining that Rule 35(b) "prohibits the filing of repetitive sentence reduction motions.");  *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004) (explaining that the "motion was repetitive, which also precluded its consideration by the Superior Court.").

sentencing. No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.

9. Accordingly, for the reasons stated above, this Court finds that Defendant has not demonstrated cause for the relief sought in the SECOND Rule 35 Motion.

**NOW, THEREFORE, on this 24th day of June 2015, Eric Johnson's Motion for Relief from Judgment is hereby DENIED.**

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

Original to Prothonotary:
cc:     Eric Johnson (SBI# 00308347)
         Investigative Services

5