# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
        )
        )
v.              )     Cr. ID. No.: 1502008739
        )
        )
DERRICK CARROLL,     )
        )
Defendant.     )

## ORDER

**AND NOW TO WIT**, this 21st day of February, 2019, upon consideration of Defendant Derrick Carroll ("Defendant")'s April 30, 2018 Motion for Sentence Modification, the Commissioner's January 15, 2019 Report and Recommendation that Defendant's Motion for Postconviction Relief Should Be Denied and the Motion to Withdraw as Counsel Should Be Granted, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On October 28, 2015, Defendant was convicted of Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP").[1] The Superior Court revoked bail and ordered a presentence investigation. On April 8, 2016, Defendant was sentenced to ten years at Level V, suspended after six years at supervision Level V on the PFBPP charge,

---

[1] Verdict Form, *State v. Carroll*, ID No. 1502008739 (Del. Super. Feb. 12, 2018) (D.I. # 20).

and five years at supervision Level V, suspended after one year at supervision Level III on the PABPP charge.[2] His probation on PABPP was ordered to run concurrently to his sentence for PFBPP.

2. On October 28, 2015, this Court denied Defendant's Motion for Judgment of Acquittal.[3] On April 19, 2016, Defendant appealed his conviction following his sentencing. On March 27, 2017, the Delaware Supreme Court affirmed the judgment of this Court.[4]

3. This case has a unique procedural posture that should be clarified. Defendant filed this timely Motion for Postconviction Relief and a Motion for Appointment of Counsel February 12, 2018, which were referred to a Superior Court Commissioner for proposed findings of fact and conclusions of law.[5] On March 6, 2018, the Commissioner issued her Report and Recommendation that Defendant's Motion for Postconviction Relief Should be Denied and the Motion for Appointment

---

[2] Sentence Order, *State v. Carroll*, ID No. 1502008739 (Del. Super. Apr. 14, 2016) (D.I. # 30).

[3] Criminal Trial Activity Sheet, *State v. Carroll*, ID No. 1502008739 (Del. Super. Oct. 28, 2016) (D.I. # 20).

[4] *Carroll v. State*, 158 A.3d 885, 2017 WL 1223564, at *3 (Del. Super. Mar. 27, 2017) (TABLE).

[5] Motion for Postconviction Relief, *State v. Carroll*, ID No. 1502008739 (Del. Super. Feb. 12, 2018) (D.I. # 44); Motion for Appointment of Counsel, *State v. Carroll*, ID No. 1502008739 (Del. Super. Feb. 12, 2018) (D.I. # 45). *See* 10 *Del. C.* § 512(b)(1)(b); Super. Ct. Crim. R. 62(a)(5).

of Counsel Should be Denied.[6] On March 14, 2018, Defendant filed a Reply to Commissioner's Report and Recommendation, clarifying that he was convicted of a Class C Felony, not a Class D Felony.[7] In light of this clarification, the Commissioner vacated the Report and Recommendation and granted Defendant's Motion for Appointment of Counsel and appointed counsel ("Postconviction Counsel") to represent Defendant for his Postconviction Relief Motion.[8] A briefing schedule was ordered, which was amended at the request of Defendant's Postconviction Counsel.[9] The amended briefing schedule provided that Defendant "shall file an amended motion for postconviction relief by November 29, 2018," through his Postconviction Counsel.[10] An amended motion for postconviction relief was not filed. Instead, Postconviction Counsel filed a Motion to Withdraw as

---

[6] Commissioner's Report and Recommendation, *State v. Carroll*, ID No. 1502008739 (Del. Super. Mar. 6, 2018) (D.I. # 49).

[7] Reply to Commissioner's Report and Recommendation, *State v. Carroll*, ID No. 1502008739 (Del. Super. Mar. 14, 2018) (D.I. # 50).

[8] Order Granting Motion and Vacating Report and Recommendation, *State v. Carroll*, ID No. 1502008739 (Del. Super. Apr. 27, 2018) (D.I. # 52); Order, *State v. Carroll*, ID No. 1502008739 (Del. Super. Apr. 27, 2018) (D.I. # 51).

[9] Briefing Schedule, *State v. Carroll*, ID No. 1502008739 (Del. Super. Aug. 16, 2018) (D.I. # 57); Amended Briefing Schedule, *State v. Carroll*, ID No. 1502008739 (Del. Super. Oct. 10, 2018) (D.I. # 60).

[10] Amended Briefing Schedule, *State v. Carroll*, ID No. 1502008739 (Del. Super. Oct. 10, 2018) (D.I. # 60).

Counsel.[11]  On March 30, 2018, Defendant also filed a Motion for Sentence Reduction or Modification.[12]

4.      The Commissioner issued her new Report and Recommendation on January 15, 2019 ("Commissioner's Report"), advising the Court to deny Defendant's Motion for Postconviction Relief and to grant the Motion to Withdraw as Counsel.  Defendant did not file any objections to the Commissioner's Report.

5.      Rule 62(a)(5) permits the Court to refer case-dispositive motions, including postconviction relief motions, to a Superior Court Commissioner for "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter."[13]  After the Commissioner issues her report, "any party may serve and file written objections" to the report within ten days.[14]  A party failing to comply with this ten-day time limit for appeal may foreclose that party's ability to object to the Commissioner's report.[15]  However, the Court may enlarge the time periods

---

[11] Motion to Withdraw as Counsel, *State v. Carroll*, ID No. 1502008739 (Del. Super. Nov. 21, 2019) (D.I. # 61).

[12] Motion for Sentence Reduction/Modification, *State v. Carroll*, ID No. 1502008739 (Del. Super. Apr. 30, 2018) (D.I. #53) [hereinafter Def.'s Rule 35(b) Mot.].  Defendant's Rule 35(b) Motion was stayed pending the resolution of Defendant's Postconviction Relief Motion and Motion for Appointment of Counsel.

[13] Rule 62(a)(5).

[14] Rule 62(a)(5)(ii).  Defendant failed to file any written objections to the Commissioner's Report.

[15] Rule 62(b).

4

under Rule 62 "for good cause."[16]  Where an appeal is timely, the Court must conduct a *de novo* review of that portion of the Commissioner's report to which the appealing party objects.[17]

6.  The Court has undergone a careful review of Defendant's Motion for Postconviction Relief, Postconviction Counsel's Motion to Withdraw as Counsel, the Commissioner's Report, and the record.  After this review, the Court adopts *in toto* the findings of fact and recommendations in the Commissioner's Report.  Thus, for the reasons stated in the Commissioner's Report, Defendant's Postconviction Relief Motion is **DENIED**, and Postconviction Counsel's Motion to Withdraw as Counsel is **GRANTED**.

7.  The Court now turns to Defendant's Rule 35(b) Motion for Sentence Reduction or Modification.[18]  Defendant requests that his Level V sentence of six years be reduced to the mandatory sentence, which he claims is five years.[19]  Defendant acknowledges that in order to file a Rule 35(b) motion after 90 days from the date the sentence is imposed, he must prove that extraordinary circumstances

---

[16] Rule 62(c).

[17] Rule 62(a)(5)(iv).

[18] This is Defendant's first Rule 35(b) motion.

[19] Def.'s Rule 35(b) Mot. at 3.

exist.[20] Defendant raises mitigating circumstances in this Motion, which he argues he was unable to argue previously due to a pending case in Maryland that was connected to the same gun involved in this litigation.[21] Defendant mentions that he was using drugs at the time of incident, that the firearm at issue in this case was not his, that he does not like guns, that he understands the danger of firearms, and that he has support from his family that will help him when he is released.[22] Lastly, he accepts responsibility for his actions and appreciates that what he did was wrong.[23]

8.     Under Rule 35(b), the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[24] The purpose for this rule "is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[25] Further, the Court "will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[26]

---

[20] Def.'s Rule 35(b) Mot at 2.

[21] *Id.* at 2.

[22] *Id.* at 2-3.

[23] *Id.* at 3.

[24] Super. Ct. Crim. R. 35(b).

[25] *State v. Bradley*, 2015 WL 3863243, at *2 (Del. Super. June 22, 2015) (quoting *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Dec. 31, 2014)).

[26] Rule 35(b).

9. The purpose of the heavy burden on the defendant to establish "extraordinary circumstances" is to "uphold the finality of sentences."[27] "Extraordinary circumstances" are "those which '*specifically justify the delay*'; 'are entirely beyond a petitioner's control'; and 'have prevented the applicant from seeking the remedy on a timely basis.'"[28] "Mitigating factors that could have been presented at sentence, exemplary conduct or successful rehabilitation while incarcerated does not constitute 'extraordinary circumstances.'"[29]

10. The Court does not find the existence of "extraordinary circumstances" in this case after reviewing the mitigating factors raised by Defendant. As Defendant does not establish the existence of "extraordinary circumstances" to overcome the 90-day jurisdictional limit, his Rule 35(b) Motion is procedurally barred.[30]

Therefore, Defendant's Rule 35(b) Motion for Sentence Reduction or Modification is **DENIED**. As discussed above, the Court adopts the Commissioner's Report in its entirety. Therefore, Defendant's Motion for

---

[27] *State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Dec. 7, 2006) (citation omitted).

[28] *State v. Redden*, 111 A.3d 602, 607 (Del. Super. 2015) (quoting *Remedio*,108 A.3d at 332) (emphasis in original).

[29] *State v. Johnson*, 2015 WL 3880586, at *2 (Del. Super. June 24, 2015 (citing *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002); *United Sates v. LaMorte*, 940 F.Supp. 572, 578 (S.D.N.Y. 1996); *United Sates v. Arcaro*, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992)).

[30] *See, e.g.*, *Redden*, 111 A.3d at 610.

Postconviction Relief is **DENIED** and Postconviction Counsel's Motion to Withdraw as Counsel is **GRANTED**.

**IT IS SO ORDERED**.

_____
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
    Patrick J. Collins, Esq.
    Department of Justice
    Office of Defense Services
    Investigative Services Office