# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
                                    )
     v.                 )        ID Nos. 1710003110,
                                    )                1710007429
RANDY L. DUNLAP,     )
                                    )
     Defendant.       )

Date Submitted: February 27, 2020
Date Decided:    April 21, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification of Sentence ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.     On August 26, 2019, Defendant pled guilty to Aggravated Menacing, Terroristic Threatening, and Harassment.[1] On September 26, 2019, Defendant was sentenced as follows: for Aggravated Menacing, 5 years at Level V, suspended after 18 months for 6 months at Level IV Work Release, followed by 1 year at Level III;[2] for Terroristic Threatening, 10 months at Level V; for Harassment, 1 year at Level V, suspended for 1 year at Level III.[3]

---

[1] In Case ID. No. 1710003110, Defendant pled guilty to Aggravated Menacing and Terroristic Threatening. (D.I. 15). These are the sentences at issue. In Case ID. No. 1710007429, Defendant pled guilty to Harassment. (D.I. 18).

[2] Defendant's credit for 221 days previously served was applied to this sentence.

[3] D.I. 18. Probation is consecutive. Defendant's sentence also required mandatory substance abuse and mental health evaluations, and required Defendant to follow recommendations for counseling and treatment.

2.	In the instant Motion, Defendant asks the Court to suspend his Level V time for Level IV House Arrest.[4] Defendant asserts that at Level IV House Arrest, he can better address his mental health issues, care for his elderly parents, and run his contracting business.[5]

3.	Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[6]

4.	Defendant filed this Motion more than 90 days after imposition of the sentence, and therefore the Motion is time-barred. The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[7] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify

---

[4] D.I. 19.

[5] *Id.* Defendant cites his "mental health issues" as a basis for modification, but sets forth no facts relevant to his mental health, and no explanation as to why he believes such issues could be better addressed at Level IV House Arrest.

[6] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[7] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

2

the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[8] Mitigating factors that could have been presented at sentence, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[9]

5.     The Court does not find the existence of any extraordinary circumstances in connection with Defendant's Motion.  The sentence is appropriate for all the reasons stated at the time of sentencing.[10]  No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.

---

[8] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[9] *Culp*, 152 A.3d at 145–46; *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board).  *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro,* No. 89 Cr. 001, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (stating that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence.").

[10] *See* D.I. 18.  The sentences at issue take into account the following aggravating factors:  (1) Defendant violated a No Contact Order by calling and texting threats to his victim; (2) Defendant threatened to kill the victim and the victim's daughter; (3) Defendant threatened to kill pets; (4) Defendant's undue appreciation of offense; (5) Defendant's need for correctional treatment; (6) Defendant's criminal history, which involves multiple felony convictions; (7) Defendant's custody status at the time of the offense – Defendant was on probation in Maryland and Pennsylvania; and (8) the vulnerability of the victim.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Modification of Sentence is **DENIED**.


*Jan R. Jurden*

Jan R. Jurden, President Judge


Original to Prothonotary

cc:    Randy L. Dunlap (SBI# 00180136)
        Anna E. Currier, DAG