# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                               )
      v.                        )       ID No. 1904019832
                               )
KENDELL R. CRENSHAW,      )
                               )
      Defendant.          )

Date Submitted: April 16, 2020
Date Decided:    April 29, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification of Sentence[1] ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On October 15, 2019, Defendant pled guilty to Tampering With Physical Evidence.[2] On November 7, 2019, the State filed a Motion to Declare Defendant an Habitual Offender.[3] On November 8, 2019, Defendant was sentenced as an habitual offender to 5 years at Level V, suspended after 9 months for supervision Level III.[4]

---

[1] D.I. 32.

[2] D.I. 25

[3] D.I. 28. The Court granted this Motion at Defendant's Sentencing pursuant to 11 *Del. C.* § 4214(a). *See* D.I. 30.

[4] D.I. 28, 31 (ASOP Sentence Order filed and signed on 11/26/19).

2.      In the instant Motion, Defendant asks the Court to suspend the remaining Level V time of his sentence so that he may begin the Level III portion of his sentence.[5]   In support of the Motion, Defendant cites (1) his "job security" pending upon release, (2) his need to support his family, and (3) his potential exposure to COVID-19.[6]

3.      Superior Court Criminal Rule 35 governs motions for modification of sentence.   "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[7]

4.      Defendant filed this Motion more than 90 days after imposition of the sentence, and therefore the Motion is time-barred.   The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217.   Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[8]   "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify

---

[5] D.I. 32.
[6] *Id.*
[7] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[8] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

2

the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[9] Mitigating factors that could have been presented at sentence, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[10]

5. The Court does not find the existence of any extraordinary circumstances in connection with Defendant's Motion. The sentence is appropriate for all the reasons stated at the time of sentencing.[11] No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.

---

[9] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[10] *Culp*, 152 A.3d at 145–46; *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board). *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro,* No. 89 Cr. 001, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (stating that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence.").

[11] *See* D.I. 28. This sentence takes into account Defendant is a habitual offender as defined under 11 *Del. C.* § 4214(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Modification of Sentence is **DENIED**.

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Kendell R. Crenshaw (SBI# 00343186)
       Mark A. Denney, DAG