# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE         )
         )
    v.         )  I.D. # 2105000983
         )
ZYMIR J. HINSON,         )
         )
    Defendant.         )

Submitted: May 23, 2024
Decided: June 7, 2024

*Upon Defendant Zymir J. Hinson's Motion for Modification of Sentence,*
**DENIED.**

## ORDER

Joseph Grubb, Esquire, Erika R. Flaschner, Esquire, and Anthony J. Hill, Esquire Deputy Attorneys General DEPARTMENT OF JUSTICE, 820 N. French Street, Wilmington, Delaware 19801, Attorneys for the State of Delaware.

Zymir J. Hinson, SBI# 00952460, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware, 19977, Defendant.

1

This 7th of June 2024, upon consideration of the Motion for Modification of Sentence ("Motion") filed by Defendant Zymir J. Hinson ("Hinson") and the record in this case, it appears to the Court that:

1.      Hinson was sentenced on February 8, 2024 to 15 years at Level V on the charge of Murder Second Degree, and three years at Level V on a Possession of a Firearm During the Commission of a Felony charge.  Both sentences are minimum mandatory sentences.  Hinson's Level V period of incarceration was followed by descending levels of probation.  He also received probationary sentences on Illegal Gang Participation and Conspiracy First Degree charges.  In his motion for Sentence Modification, Hinson asks the Court to reduce his Level V sentence to nine years, followed by six months at Level IV work release and two years at Level III.[1]  He bases his request on 11 *Del. C.* § 42024A, and Superior Court Criminal Rules 35A, and 35(b).

2.      Ordinarily, defendants seeking sentence modifications must do so under Rule 35(b).  Further, minimum mandatory sentences normally are not subject to modification.  Here, however, Hinson seeks to invoke 11 *Del. C.* §4204A and Rule 35A, both of which deal with defendants who committed their crimes when

---

[1] D.I. 40.

they were juveniles, but were sentenced in the Superior Court.   Section 4204A reads in pertinent part:

> **(d)**(1) Notwithstanding any provision of this title to the contrary, any offender **sentenced to an aggregate term of imprisonment in excess of 20 years** for any offense or offenses other than murder first degree that were committed prior to the offender's eighteenth birthday shall be eligible to petition the Superior Court for sentence modification **after the offender has served 20 years of the originally imposed Level V sentence.**
>
> *                                    *                                    *
>
> (4) Notwithstanding the provisions of §4205 or §4217 of this title, any court rule or other provision of law to the contrary, a Superior Court Judge, **upon consideration of a petition filed pursuant to this subsection (d),** may modify, reduce, or suspend such petitioner's sentence, including any minimum or mandatory sentence, or a portion thereof, in the discretion of the Court.   Nothing in this section, however, shall require the Court to grant such a petitioner a sentence modification pursuant to this section.[2]

3.     Rule 35A implements §4204A.  It governs the procedure when a person in custody is seeking a sentence modification pursuant to §4204A for a sentence that was imposed in the Superior Court for a crime committed when the

---

[2] 11 *Del. C.* § 42904A(d)(1) and (2) (emphasis added).

offender was less than 18.[3]   A motion may not be filed until the time-served eligibility requirements of §4294A are met.[4]

4.      Hinson is ineligible to take advantage of the provisions of §4204A. Although he committed his crimes while a juvenile, his Level V sentence of 18 years is two years shy of the 20 years necessary to qualify under that section.   Pursuant to §4202A(d)(4), a Superior Court Judge may modify a minimum mandatory sentence only if the petition is made under §4204A(d).   That section requires that a defendant receive an initial aggregate sentence of more than 20 years imprisonment and complete 20 years at Level V of that sentence in order to seek a sentence modification.   Rule 35A pertains only to petitions filed under §4204A.   Thus, neither §4204A, nor Rule 35A are of any assistance to Hinson

5.      Hinson also seeks relief under Rule 35(b).   Pursuant to Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[5]   Because Hinson was sentenced on February 13, 2024 and the Motion was filed on May 23rd, it is untimely.   The intent of Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[6]   Where a motion for reduction of sentence

---

[3] Super. Ct. Crim. R. 35A(a)(1).
[4] Super. Ct. Crim R. 35A(b)(4).
[5] Super. Ct. Crim. R. 35(b).
[6] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

is filed, under Rule 35(b), within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[7] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[8] The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[9] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion were best described by former Chief Justice (then Justice) Steele as those which "specifically justify the delay;" are "entirely beyond a petitioner's control;" and "have prevented the applicant from seeking the remedy on a timely basis."[10] Mitigating factors that could have been presented at sentence, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[11] The Court does not find the existence of any extraordinary

---

[7] *Hewett v. State*, WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[8] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541-43 (2d. Cir. 1968) (explaining the time limitation and purpose of then-extant sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).

[9] *State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Dec. 7, 2006).

[10] *State v. Lewis*, 797 A.2d 1198, 1205 (Del. 2002) (Steele, J., dissenting).

[11] *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining

circumstances in connection with Hinson's motion, nor has he offered any except to say that he is remorseful for his crimes.

6. Hinson also asks the Court to modify his minimum mandatory sentences under Rule 35(b), arguing that the 1997 sentencing guidelines permit such modification. Had the Motion been timely, Hinson still would be mistaken. Sentencing guidelines from 1997, even if they supported Hinson's argument, which they do not, cannot supersede contrary statutory law. Where a statute specifically indicates that a prison sentence is a "mandatory sentence, a minimum mandatory sentence, or a mandatory minimum sentence," such sentences may not be suspended.[12]

7. Finally, Hinson argues that his sentence violates the Eighth Amendment to the United States Constitution because his attorney did not argue that he should be sentenced under the provisions of § 4204A and Rule 35A. Inasmuch as those sections have no applicability to Hinson's sentence, this argument fails.

8. Accordingly, for the reasons stated above, this Court finds that Hinson

---

that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board). *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro,* No. 89 Cr. 001, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (stating that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence.").

[12] 11 *Del. C*. §4204(d).

does not qualify for relief under §4204A or Rule 35A.   The Motion is untimely and Hinson has not demonstrated cause for the relief sought under Rule 35(a).   His minimum mandatory sentence may not be modified and his sentence does not violate the Eighth Amendment to the United States Constitution.

**THEREFORE,** Defendant Zymir J. Hinson's Motion for Modification of Sentence is **DENIED**.

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.