**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | ID. No. 2108001201 |
| | ) | 2109012395 |
| JAMES RUNYON, | ) | |
| | ) | |
| Defendant(s). | ) | |

Decided: March 10, 2025
Submitted: December 16, 2024

## ORDER DENYING DEFENDANT'S MOTION
## FOR REDUCTION/MODIFICATION OF SENTENCE

This 10th Day of March, having considered Defendant's Motion for Modification of Sentence under Superior Court Rule 35(b)[1] and the record in this matter, it appears to this Court:

1.      On March 31, 2022, Defendant was indicted in two separate cases (I.D. Nos. 2108001201 and 2109012395)[2] for Non-Compliance with the Conditions of Bond for contacting a domestic violence victim, twice, in violation of a court order;

---

[1] Super. Ct. Crim. R. 35(b).

[2] It is unclear to the Court why these cases were not indicted together since they concern the same offense against the same victim, just several months apart. Because the cases were resolved together, unless otherwise noted, all Docket Items referenced herein refer to I.D. No. No. 2109012395 and are designated as ("D.I. #).

1

the first offense occurred August 3, 2021, while the second occurred September 24, 2021.[3]

2.    On April 11, 2022, Defendant elected to plead guilty to Non-Compliance with the Conditions of Bond (Felony)(2 counts) and a violation of probation, partially in exchange for the dismissal of numerous, more serious charges (including Assault Second Degree, Burglary First Degree, and Aggravated Menacing) in three related cases.[4]

3.    On October 14, 2022, the Court sentenced Defendant to a total of 5 years Level V (with credit for 284 days previously served), suspended after 4 years Level V (with two years in substance abuse treatment), for 6 months Level IV, with a hold at Level V, followed by Level III with GPS, and the recommendation Defendant complete "all recommended programming."[5]  The Court concluded the Defendant was in need of correctional treatment, substance abuse treatment, and mental health treatment.[6]

---

[3] I.D. No. 2108001201 (D.I. 2) and I.D. No. 2109012395 (D.I. 2).

[4] *See* Plea Agreement (D.I. 4)(dismissing I.D. Nos. 2010007347, 2012006643, 2207008659).

[5]  Sentence Order (D.I. 9).

[6] *Id.*

2

4. On December 19, 2022, Defendant moved the Court *pro se* for a modification of sentence under Rule 35(b) to relieve him of portions of his Level V sentence and all of his Level IV time.[7] By Order dated February 7, 2023, this Court denied the prior Rule 35 Motion because the sentence had been imposed pursuant to a Plea Agreement; the sentence was appropriate for all the reasons stated at the time of sentencing; the Defendant engaged in "serious and life-threatening" criminal conduct against the victim; and no other information had been provided to the Court that would warrant a reduction or modification of the sentence. [8]

5. Two years later, on December 9, 2024, Defendant filed the instant, second *pro se* motion for modification of sentence,[9] which he supplemented with additional documentation on December 16, 2025 (collectively, "Defendant's Rule 35(b) Motion"). [10] Defendant again seeks removal of the Level IV portion of his sentence, arguing he is entitled to relief based upon his completion of several

---

[7] D.I. 7.

[8] *State v. James Runyon,* I.D. No. 2108001201 and 2109012395, Johnston, J. (Feb. 7, 2023)(ORDER).

[9] D.I. 12.

[10] *Id.*

programs in prison and because, in the past, he had a "bad experience" with work release that resulted in his escape after conviction.[11]

## ANALYSIS

6.     Pursuant to Rule 35(b), the Court may reduce or modify a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[12]  The intent of Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[13]  The Court has broad discretion to decide whether the judgment should be altered when a motion for reduction of sentence is filed within 90 days of sentencing.[14]  "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[15]

---

[11] *Id.*

[12] Super. Ct. Crim. R. 35(b).

[13] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967).

[14] *Hewett v. State*, 2014 WL 5020251, at *1 (Del.).

[15] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super.)(citation omitted).

4

7.     Here, no such relief is warranted.  Defendant's Rule 35(b) Motion is denied because it is time barred; it is repetitive; the sentence imposed was pursuant to a Plea Agreement; and Defendant engaged in serious and life-threatening criminal conduct against the victim.

8.     First, Defendant's Rule 35 Motion is time-barred because it was filed well over 90 days after the imposition of sentence.  This Court considers  motions made after 90 days only in "extraordinary circumstances" or pursuant to 11 *Del. C.* §4217.[16]  Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[17] Extraordinary circumstances are facts that "specifically justify the delay;" are "entirely beyond a petitioner's control;" and "have prevented the applicant from seeking the remedy on a timely basis."[18]   Exemplary conduct and successful rehabilitation while incarcerated do not constitute "extraordinary circumstances."[19]

---

[16] The instant motions are not submitted in accordance with 11 *Del. C.* §4217.

[17] *State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super.).

[18] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016)(quoting *State v. Lewis,* 797 A.2d 1198, 1205 (Del. 2002)(Steele, J., dissenting))(cleaned up).

[19] *Culp*, 152 A.3d at 145–46; *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board). *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro,* No. 89 Cr. 001, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (stating that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison

5

Nor does the Court find the existence of any other extraordinary circumstances here. Accordingly, Defendant's Rule 35(b) Motion is time barred.

9. Second, Defendant's motion is barred because it is repetitive. The Court will not consider repetitive requests for reduction of sentence.[20] Under Rule 35(b), "[a] motion is 'repetitive' as that term is used in Rule 35(b) when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[21] Moreover, unlike the 90-day time bar with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception. Instead, the bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[22] Here, Defendant previously moved this Court under Rule 35(b) to eliminate his Level IV time in 2022 and that relief was denied;[23] therefore, Defendant's second Rule 35(b) Motion is barred as repetitive.

---

job assignments are laudable accomplishments, they do not justify a reduction in sentence.").

[20] Super. Ct. Crim. R. 35(b).

[21] *Culp*, 152 A.3d at 144.

[22] *Thomas v. State*, 2002 WL 31681804, at *1 (Del.). *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del.)(Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 2004 WL 716773, at *2 (Del.)("motion was repetitive, which also precluded its consideration by the Superior Court.").

[23] *Supra* ¶ 4.

10.     Third, the sentence imposed in this case was imposed pursuant to a Plea Agreement between the State and Defendant and signed by Defendant. Pursuant to Superior Court Criminal Rule 11(c)(1), the Court addressed Defendant personally in open court and determined that Defendant understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. Defendant acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.

11.     Finally, the Level 5 and Level 4 portions of the sentence were not only for the purpose of substance abuse and other treatment—Defendant's crimes involving the victim were serious and life-threatening. Defendant's early release continues to present a substantial risk to an identifiable victim and the community.[24]

12.     For the reasons stated above, this Court finds that Defendant has not demonstrated cause for the relief sought in this Rule 35(b) Motion. Accordingly, Defendant's Second Motion for Modification of Sentence is **DENIED**.

**IT IS SO ORDERED**.

/s/ *Kathleen M. Vavala*
The Honorable Kathleen M. Vavala

---

[24] Defendant's criminal history is substantial and include prior violent felonies.

7

Original to Prothonotary

cc.   James Runyon, *pro se*
      Department of Justice
      Investigative Services Office