KENNETH W. IVERSON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 490, 2009.
Supreme Court of Delaware.
Submitted: October 19, 2009.
Decided: January 12, 2010.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
Jack B. Jacobs, Justice.
This 12th day of January 2010, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:
(1) The appellant, Kenneth Iverson, filed this appeal from the Superior Court's decision, following a remand from this Court, denying Iverson's motion for modification/reduction/ of his partial confinement. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Iverson's opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that Iverson pled guilty in October 2005 to one count of third degree rape. The Superior Court sentenced him to fifteen years at Level V incarceration, to be suspended after serving five years and successful completion of the Family Problems program, to be followed by one year at Level IV home confinement and nine years of probation. The Superior Court noted in its sentencing order that the first two years of Iverson's sentence were mandatory and that the probationary portion of Iverson's sentenced exceeded the sentencing guidelines. Thereafter, Iverson filed three separate unsuccessful motions seeking to modify his sentence.
(3) In April 2009, Iverson filed a motion for modification/reduction of partial confinement, which the Superior Court denied as untimely. On appeal, this Court reversed the Superior Court's judgment, concluding that Iverson's motion was not untimely because a sentence of probation or partial confinement can be reduced at any time. We therefore remanded the matter to the Superior Court for consideration of the merits of Iverson's motion. Upon remand, the Superior Court denied Iverson's motion for sentence modification on the grounds that the original sentence imposed was reasonable and appropriate. This appeal followed.
(4) In his opening brief on appeal, Iverson argues that the Superior Court erred in denying his motion because: (i) he had no criminal record before his current offense; (ii) he has had no write-ups during his term of incarceration; (iii) he has completed an apprenticeship and has a job waiting for him; and (iv) he has completed the Life Skills program. Iverson further contends that his wife has cancer and that he will have a hard time raising his three children while serving the suspended portion of his sentence if something should happen to his wife. For all of these reasons, Iverson appears to contend that he has established "extraordinary circumstances" warranting a sentence modification.[1]
(5) After careful consideration of the parties' respective positions on appeal, we find no abuse of discretion in the Superior Court's judgment. At the present time, Iverson remains incarcerated while serving the Level V portion of his sentence. There is nothing in the present record to support Iverson's contentions that he will be unable to support his family after his release from prison if he is required to complete the partial confinement and probationary portions of his sentence. Moreover, the considerations of familial hardship and financial difficulties were factors that Iverson could have considered, but did not, before he committed the crime to which he pled guilty. Familial hardship and financial difficulties are not appropriate factors for the trial court to consider in the context of a sentence modification motion.[2]
NOW, THEREFORE, IT IS ORDERED that the judgment of the uperior Court is AFFIRMED.
NOTES
[1] See Del. Super. Ct. Crim. R. 35(b).
[2] See State v. Liket, 2002 WL 31133101 (Del. Super. Sept. 25, 2002).