# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1812006069 |
| | ) | |
| JONATHAN JIMINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: August 19, 2020
Date Decided: August 31, 2020

## ORDER DENYING JONATHAN JIMINIZ'S MOTION TO AMEND SENTENCE

This 31st day of August, 2020, upon consideration of the Motion to Amend Sentence filed by Jonathan Jiminez ("Defendant"); Rule 35 of the Superior Court Rules of Criminal Procedure ("Criminal Rule 35"); the facts, arguments and legal authorities set forth in the Rule 35 Motion; and, the entire record in this case:

1.      On December 17, 2018, Defendant was indicted on the following felonies: (1) Continuous Sexual Abuse of a Child; (2) Sexual Solicitation of a Child; and (3) six counts of Unlawful Sexual Contact, Second Degree.[1]  Convictions of these charges require registration as a Tier 2 sex offender and require public notice

---

[1]      From the time of indictment to the time of sentencing, Defendant was at liberty.

of such status for 25 years. If convicted of Continuous Sexual Abuse of a Child, Defendant faced a minimum mandatory sentence of two years at Level V.

2.    On November 18, 2019, the State and Defendant negotiated a Plea Agreement whereby Defendant pleaded guilty to five counts of Unlawful Sexual Contact Third Degree. Defendant and the State agreed to recommend a sentence to the Court of 30 days at Level V followed by two years of Level III probation.[2] Following the plea, the Court ordered a pre-sentence investigation and scheduled sentencing for March 20, 2020.

3.    On March 13, 2020, counsel for Defendant requested a continuance of the sentencing due to a conflict in counsel's schedule. The Court approved this request on March 16, 2020. The COVID-19 pandemic, however, prevented sentencing from occurring until August 7, 2020.

4.    Prior to sentencing, counsel for Defendant and the State submitted Sentencing Memorandums. In Defendant's Sentencing Memorandum, he changed his position and requested that the Court impose no Level V time. Defendant also requested that if the Court did impose Level V time, that it be served "Weekends Only." The State opposed any request that differed from the agreed-upon recommendation in Defendant's Plea Agreement.

---

[2] Notably, on the Plea Agreement, Defendant circled – and initialed – the fact that the State and Defendant were agreeing to a sentence that included 30 days of Level V time.

5.    On August 7, 2020, after reviewing the presentence investigation report and hearing testimony from the State, the victims and Defendant, the Court followed the State and Defendant's recommendation for Level V time presented at the time of the Plea Agreement and sentenced Defendant to the following: (1) for IN18-12-1175: one year at Level V, suspended after 30 days followed by one year at Level III probation; (2) for IN18-12-1176: one year at Level V, suspended for 1 year at Level III probation; (3) for IN18-12-1177: one year at Level V, suspended for one year at Level III probation; (4) for IN18-12-1178: one year at Level V, suspended for one year Level III probation; and (5) IN18-12-1180: one year at Level V, suspended for one year at Level III probation. The probation time for IN18-12-1175 and IN18-12-1176 is consecutive; the probation time for IN18-12-1177, IN-12-1178 and IN18-12-1180 is concurrent.

6.    Defendant filed his Motion to Amend Sentence on August 14, 2020.

7.    In the Motion, Defendant renewed his request that the Court modify his sentence so that he may serve his Level V time on weekends only.  Defendant seeks this modification due to the negative impact his incarceration will have on his employment and his family's financial situation – the same arguments considered and rejected by the Court during sentencing.  Defendant contends that the Court did not consider these consequences in determining Defendant's sentence.

8.     Defendant argues that if he loses his current employment, he will not be employable at the same capacity in the future. This, Defendant argues, will have an "extraordinarily deleterious" effect on his wife and two children. Although Defendant's wife is employed, the family relies on Defendant's income in order to pay the mortgage for the home they purchased in May 2020 and other living expenses.

9.     According to Defendant, prior to sentencing, he held a managerial position in which he and three co-workers had an understanding that Defendant's absence due to incarceration would not result in job loss. During the last week of July 2020, Defendant was offered, and accepted, a promotion to a position that would not offer such protection. Defendant cites in his Motion "the blatant unfairness to two innocent children whose lives and their futures, literally, are impacted in a more substantial way if their father loses his employment" as a basis for his sentence modification.

10.     Pursuant to Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[3] The intent of Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[4] Where a motion

---

[3] Super. Ct. Crim. R. 35(b).
[4] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (*per curiam*).

4

for reduction of sentence is filed under Criminal Rule 35(b), within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[5] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[6]

11.     Defendant filed his Motion on August 14, 2020, less than 90 days after the imposition of the sentence, and has, therefore, made a timely request under Criminal Rule 35.[7]

12.     Although timely filed, Defendant's Motion lacks merit and is denied. "The point of a plea agreement is to secure the client the most certainty he can get as to his sentence by reaching an agreement with the State about the recommended sentence, and then advocating to the court that it should accept the parties' good faith agreement."[8]  The sentence in this case was imposed pursuant to a Plea Agreement between the State and Defendant and signed by Defendant.  Pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court addressed Defendant personally in open court and determined that Defendant understood the nature of the charge to

---

[5] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[6] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541–43 (2d. Cir. 1968) (explaining the time limitation and purpose of then-existent sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).
[7] Del. Super. Crim. R. 35(b).
[8] *State v. Harden*, 180 A.3d 1037, 1049 (Del. 2018).

5

which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. Accordingly, Defendant acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.

13. Unlike in *Harden*, the same counsel represented Defendant here from January 2019 through sentencing – a time that spanned a year and seven months. As a result, Counsel had sufficient time to investigate mitigating evidence and prepare Defendant for allocution and sentencing.[9] In addition, prior to sentencing, the Court received sentencing memoranda from both the State and Defense counsel, where the issues of aggravating and mitigating factors were discussed.

14. In considering the appropriate sentence to impose, the Court considered the victim impact statements, the submissions by the State and Defendant, the pre-sentence investigation, Defendant's criminal history and custody status at the time of the offense, Defendant's family history and the statutory range of penalties for each offense set by the Legislature.

15. Moreover, during sentencing, the Court permitted Defendant and Defense counsel an opportunity to address the Court, which they did. The Court also discussed the practical difficulties associated with an individual going in and out of incarceration during the COVID-19 pandemic. Such an arrangement would

---

[9] *Id.* at 1050.

pose serious health risks to other incarcerated individuals, facility staff, and the public, in addition to the Defendant, himself. The Department of Correction has instituted a number of restrictions in order to minimize health and safety risks due to the COVID-19 pandemic. According to the State's response to Defendant's Motion, weekend incarcerations have been suspended. Even if the Court were to find sentence modification appropriate in this case, which it does not, the modification Defendant seeks is not possible.

16. Defendant's current situation is the culmination of several deliberate decisions he made, including the original underlying criminal conduct, pleading guilty, and deciding not to attempt to make arrangements with his employer ahead of sentencing, despite previously agreeing to the State's sentencing recommendation.[10] Courts have consistently rejected familial and financial hardship as bases for granting a Rule 35 motion, and they are not appropriate factors for consideration in the context of a sentence modification motion.[11]

17. Defendant had nearly nine months between pleading guilty and his sentencing. This was more than sufficient time to prepare for the sentencing hearing and for the sentence itself. In fact, had Defendant's counsel not requested a

---

[10] *See Iverson v. State*, 2010 WL 376899, at *1 (Del. Jan. 12, 2010); *State v. Liket*, 2002 WL 31133101, at *3 (Del. Sept. 25, 2002).

[11] *Liket*, 2002 WL 31133101, at *3 (citing *United States v. Ashor*, 1996 WL 164948, at *2 (E.D.N.Y. Mar. 29, 1996); *United States v. Stein*, 1992 WL 55722, at *3 (E.D. Pa. Mar. 11, 1992)).

7

continuance in the sentencing, the Court would have sentenced Defendant in March 2020.

18. The Court is not bound by the State's or Defendant's sentence recommendations, but courts traditionally give respect and deference to good faith plea bargains, such as the one made here.[12] Defendant had no reason not to anticipate being sentenced to 30 days at Level V, as this was precisely what the State and the Defendant recommended as a result of his guilty plea.[13]

19. The State contends that Defendant's reasoning for seeking modification of his sentence shows a lack of remorse for the harm he caused his victims. Based on Defendant's submissions, the Court agrees. Defendant continues to focus on the negative consequences his sentence will have on his own life and appears to lack understanding of the extent of the harm he caused his two victims.[14]

20. The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction or modification of this sentence. In fact, no new information has been provided to the Court at all that was not previously considered prior to or during sentencing. The sentence imposed was well within the statutory guidelines, as well as reasonable and just under the circumstances presented.

---

[12] *See Harden*, 180 A.3d at 1051.
[13] *Cf. Id.* at 1047–49.
[14] *See Id.* at 1039–40.

21. Accordingly, for the reasons stated above, this Court finds that Defendant has not demonstrated cause for the relief sought in the Rule 35 Motion.

**IT IS ORDERED** that Jonathan Jiminez's Motion to Amend Sentence is **DENIED**.

Meghan A. Adams, Judge