# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| v. | ) | ID Nos. | 2203002351 |
| | ) | | 2303008236 |
| ANTHONY WILSON, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## ORDER

1. On this 12th day of December, 2023, upon consideration of Defendant Anthony Wilson's ("Defendant") *pro se* Motion for Sentence Modification made pursuant to Superior Court Criminal Rule 35(b) (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2. On March 27, 2023, Defendant pled guilty to Act of Intimidation (Class D Felony), Non-Compliance with Bond Conditions (Class G Felony), and Harassment (Class A Misdemeanor).

3. On June 23, 2023, the Court sentenced him to: (1) Intimidation, eight years of Level V supervision, suspended after two years for six months of Level IV supervision, followed by eighteen months of Level III supervision; (2) Non-Compliance, five years of Level V supervision, followed by one year of Level III

---

[1] D.I.s 2203002351-19, 2303008236-4. Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks the Court to modify the conditions of the probationary portion of his sentence.

supervision; and (3) Harassment, one year of Level V supervision, followed by one year of Level III supervision.

4. On August 16, 2023, Defendant filed the instant Motion, in which he asks this Court to modify the Level IV supervision portion of his sentence to Level III supervision in the Wilmington HOPE Commission program.[2]

5. Defendant asserts that this modification to Level III supervision is justified because he provides for his children, plans to return to a stable home, is currently ineligible for certain treatment programs during Level V supervision, and hopes to obtain his GED.[3]

6. Rule 35(b) provides that this Court has discretion to "reduce the . . . conditions of partial confinement or probation, at any time."

7. Defendant's sentence permits the Delaware Department of Correction to choose the most effective way for Defendant to spend the Level IV supervision portion of his sentence. The information currently available presents no justification for amending the sentence order.[4]

---

[2] *Id.* Defendant references case ID No. 2007006790 in the Motion. This case concerns a separate conviction and sentence for Attempted Assault, which is not addressed in this order.
[3] *Id.*
[4] *See Iverson v. State*, 2010 WL 376899, at *1 (Del. Jan. 12, 2010) ("Familial hardship and financial difficulties are not appropriate factors for the trial court to consider in the context of a sentence modification motion.").

8. The Court concludes that Defendant's sentence is proper for all the reasons stated at the time of sentencing. Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:   Anthony Wilson (SBI #00611720)