# THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       )
                                    )
     v.                        )        I.D. 2212006596
                                      )
JONATHAN ARROYO-HERRERA,   )
                                    )
     Defendant.        )

Date Submitted: March 11, 2025
Date Decided: March 17, 2025

## ORDER DENYING DEFENDANT'S MOTION
## FOR MODIFICATION OF SENTENCE

Upon consideration of the Motion for Reduction/Modification of Sentence filed by Arroyo-Herrera; Rule 35 of the Superior Court Rules of Criminal Procedure; the facts, arguments and legal authorities set forth in the Rule 35 Motion; statutory and decisional law; and the entire record in this case:

1. Pursuant to Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[1] The intent of Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[2] Where a motion for reduction of sentence is filed, under Criminal Rule 35(b), within 90 days of

---

[1] Super. Ct. Crim. R. 35(b).
[2] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

sentencing, the Court has broad discretion to decide if it should alter its judgment.[3]

"The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[4]

2.      Defendant filed the Rule 35 Motion more than 90 days after imposition of the sentence and is, therefore, time-barred.[5]   The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217.   Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[6]   "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[7]   Mitigating factors that

---

[3] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[4] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541–43 (2d. Cir. 1968) (explaining the time limitation and purpose of then-existent sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).

[5] Defendant was sentenced on December 22, 2023.   D.I. 11.   Defendant filed a letter with the Court on January 2, 2024, incorrectly believing that the effective date of his sentence was December 22, 2023, and not February 21, 2023, which was when he was initially incarcerated and held in lieu of bond.   The Sentencing Order correctly notes and accounts for all credit due to Arroyo-Herrera.

[6] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[7] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

could have been presented at sentencing, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[8] The Court does not find the existence of any extraordinary circumstances in connection with Defendant's motion. Moreover, Defendant has not demonstrated good cause certifying that Defendant's release shall not constitute a substantial risk to the community or to Defendant.

3.    Despite this motion being time barred, it is nonetheless without merit. The sentence in this case was imposed pursuant to a Plea Agreement between the State and Defendant and signed by Defendant, in which Defendant was advised of the State's intention to seek unsuspended Level V time in the amount of up to four (4) years. Defendant was sentenced to a combined four (4) years of unsuspended Level V time. Pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court addressed Defendant personally in open court and determined that Defendant understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty

---

[8] *Culp*, 152 A.3d at 145–46; *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board). *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro,* No. 89 Cr. 001, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (stating that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence.").

provided by law. Accordingly, Defendant acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.

4. In considering the appropriate sentence to impose, the Court considered the victim impact statement(s), the submissions of the State, the submissions by Defendant, a detailed pre-sentence investigation, Defendant's criminal history and custody status at the time of these offenses, Defendant's family history, the facts and circumstances surrounding his crime, and the statutory range of penalties for each offense set by the legislature.

5. The Court recognized the non-SENTAC mitigators presented by counsel and found the following SENTAC aggravators on the record: Prior Violent Criminal Activity, Need for Correctional Treatment, Undue Depreciation of the Offense, Custody Status at the time of the Offense and a Lack of Amenability to Lesser Sanctions.[9]

6. Defendant argues in his motion that he has only had one infraction while incarcerated and is only classified to "medium security." Conforming with Department of Correction rules and regulations while at Level V is the expectation and not considered as a basis for a motion for sentence modification. Completion of programs while incarcerated and/or good behavior in prison is not a basis to

---

[9] D.I. 11.

modify or reduce a sentence that was appropriate at the time of sentencing.[10]   While the Court is sympathetic to the difficulties his family is facing, that, too, is not a legal reason to warrant a sentence modification.[11]

7.      The sentence is appropriate for all the reasons stated at the time of sentencing.   No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.   Indeed, upon consideration of Defendant's Rule 35 Motion, the Court finds that the sentence imposed was well within the statutory guidelines, as well as reasonable and just under the circumstances presented.

8.      Accordingly, for the reasons stated above, this Court finds that Defendant has not demonstrated cause for the relief sought in the Rule 35 Motion.

**NOW,    THEREFORE,    IT    IS    HEREBY    ORDERED**    that ARROYO-HERRERA's Motion for Modification of Sentence is **DENIED**.

---

[10] *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board).   *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro*, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (concluding that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction of his sentence."); *See also State v. Lindsey*, 2020 WL 4038015, n.23 (Del. Super. July 17, 2020) (collecting cases).
[11] *Iverson v. State*, 986 A.2d 1164 (Del. 2010).

**The Honorable Danielle J. Brennan**

Original to Prothonotary

cc: Jonathan Arroyo-Herrera, SBI# 00731556, *pro se*
Barzilai Axelrod, Esquire, Department of Justice
Investigative Services