# THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. Nos. 2409006546, |
| | ) | 2410017748, 2310013756 & |
| | ) | 2209010104 |
| MATEEM BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: December 31, 2025
Date Decided: March 17, 2026

## ORDER DENYING DEFENDANT'S MOTION
## FOR REDUCTION OF SENTENCE

Upon consideration of the Motion for Reduction of Sentence filed by Mateem Brown; Superior Court Criminal Rule of Procedure 35(b); the facts, arguments and legal authorities set forth in the motion; statutory and decisional law; and the entire record in this case:

1. On October 1, 2025, Defendant Mateem Brown (hereinafter "Brown" or "Defendant") pled guilty to Drug Dealing, Tier 2 Heroin mixed with Fentanyl, a Class C Felony in Criminal Action 2409006545, Drug Dealing (no Tier) Heroin/Fentanyl, a Class D Felony, and Tier 2 Possession of Cocaine, a Class E Felony, both in Criminal Action 2410011748. At the time of his plea, Brown had two outstanding Violations of Probation pending in Criminal Action Numbers 2209010104 and 2310013756. As part of his plea agreement, Brown acknowledged

the recommended sentence for his respective violations were as set forth in the violation report filed by his probation officer, which amounted to one year at Level V.[1]

2.      Brown was sentenced in accordance with his plea agreement, which stated the State would seek no more than five (5) years at Level V and Brown would seek no less than eighteen (18) months at Level V.

3.      Brown was sentenced to ten (10) years at Level V, suspended after three (3) years, followed by decreasing levels of probation, for IN25-02-0107, Drug Dealing, Tier 2 Heroin in 6546.   As to IN24-12-0385, Drug Dealing Heroin/Fentanyl, No Tier, Brown was sentenced to 8 years at Level V suspended after 6 months for Level III probation to follow in case 1748.   Also in case 1748, for Tier 2 Drug Possession, Brown was sentenced to two (2) years at Level V, suspended entirely for one (1) year of concurrent Level III probation.    For Brown's Violation of Probation in VN23-12-0168, he was sentenced to one (1) year and ten (10) months at Level V, suspended after six (6) months followed by Level III probation to follow, and for VN22-10-0739, his probation was discharged as

---

[1] *State v. Mateem Brown*, Criminal Action Nos. 2409006546 ("6546"), 2410011748 ("1748"), 2310013756 ("3756") & 2209010104 ("0104"), Docket Item (hereinafter "D.I.") 22, 6, 30, 24, respectively.

unimproved.[2]   In total, Brown was sentenced to four (4) years of unsuspended Level V time.

4.     On December 31, 2025, Brown filed the instant motion for reduction of his sentence.[3]   While Brown only listed "IN25020107", "IN24120385" & "VN2312016801" on his case caption, the Court reviewed all four (4) cases in this review, as he was sentenced to all four cases.  However, Brown was only given unsuspended Level V time in the cases/charges upon which he moves, so his modification will be appropriately considered.   Brown seeks a total of eighteen (18) months of unsuspended Level V time, which is the same request he made at the time of sentencing.

5.     Pursuant to Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[4] The intent of Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[5] Where a motion for reduction of sentence is filed, under Criminal Rule 35(b), within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[6]

---

[2] D.I. 24 (6545); D.I. 7 (1748); D.I. 25 (3756) and D.I. 31 (0104).
[3] D.I. 26 (6545); D.I. 9 (1748); D.I. 27 (3756) and D.I. 33 (0104).
[4] Super. Ct. Crim. R. 35(b).
[5] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).
[6] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a

"The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[7]

6.     Defendant filed his instant motion within the 90-day timeframe; therefore his motion is timely.

7.     Despite his motion being timely, it is without merit.   The sentence in this case was imposed pursuant to a Plea Agreement between the State and Defendant, signed by Defendant, in which Defendant acknowledged the State's intention to seek unsuspended Level V time up to five (5) years.   Pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court addressed Brown personally in open court and determined that he understood the nature of the charge to which the plea was offered and the maximum possible penalty provided by law.   Accordingly, Brown acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.

8.     In considering the appropriate sentence to impose, the Court considered the arguments of both counsel for the State and Brown, a detailed pre-sentence

---

motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[7] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541–43 (2d. Cir. 1968) (explaining the time limitation and purpose of then-existent sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).

investigation, Defendant's criminal history and custody status at the time of these offenses, Defendant's family history, the facts and circumstances surrounding his crime, and the statutory range of penalties for each offense set by the legislature. At sentencing, the following SENTAC aggravators were found: prior violent criminal activity, repetitive criminal conduct, need for correctional treatment, custody status at the time of the offense and lack of amenability to lesser sanctions. The SENTAC mitigator of acceptance of responsibility was also found and noted by the Court.[8]

9. Brown's motion seeks modification citing four grounds: "role model inmate," "family," "relief," and "diploma." As to ground one, Brown argues that he has been a role model inmate and has earned various work placements. While encouraged and appreciated that Brown is acting in such a way that can only serve to better himself, conforming with Department of Correction rules and regulations while at Level V is the expectation and not considered as a basis for a motion for sentence modification. Brown also has completed multiple degrees and certificates while in confinement. Completion of programs while incarcerated and/or good behavior in prison is not a basis to modify or reduce a sentence that was appropriate

---

[8] D.I. 24 (6545), 7 (1748), 31 (3756), 25 (0104).

at the time of sentencing.[9]

10.     With respect to ground two, "family," while the Court is sympathetic to the difficulties his family has as a result of his own criminal behavior, that is not a legal reason to warrant a sentence modification.[10]   Ground three simply requests relief to modify his Level IV portion to Level III.   And Brown asserts in ground four that he "will obtain [his] diploma" as Ordered by the Court.   Again, these are not legal reasons to modify his sentence.

11.     The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction of this sentence.   Upon consideration of Brown's Motion for Reduction of Sentence pursuant to Superior Court Criminal Rule 35, the Court finds that the sentence imposed was well within the statutory guidelines, as well as reasonable and just under the circumstances presented.

---

[9] *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board).   *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro*, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (concluding that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction of his sentence."); *See also State v. Lindsey*, 2020 WL 4038015, n.23 (Del. Super. July 17, 2020) (collecting cases).

[10] *Iverson v. State*, 986 A.2d 1164 (Del. 2010).

12. Accordingly, for the reasons stated above, this Court finds that Defendant has not demonstrated cause for the relief sought in the Rule 35 Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Brown's Motion for Reduction of Sentence is **DENIED**.

_____
**The Honorable Danielle J. Brennan**

Original to Prothonotary

cc:    Mateem Brown, SBI# 00759194
       Beth Savitz, Esquire, Deputy Attorney General

7