**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1305001585 |
| | ) | |
| MARCUS J. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 6, 2017
Decided: March 10, 2017

### ORDER DENYING MARCUS J. JOHNSON'S MOTION FOR SENTENCE MODIFICATION AND MOTION TO COMPEL

This 10th day of March, 2017, upon consideration of the Motion for Sentence Modification (the "Motion for Modification") and the Motion to Compel filed by Marcus Johnson, the record in this matter, and the applicable legal authorities, including Rule 35 of the Superior Court Rules of Criminal Procedure ("Rule 35") and Special Rule of Procedure 2017-1 ("Special Rule 2017-1"), it appears to the Court that:

1. On July 17, 2013, Johnson pleaded guilty to two counts of Drug Possession (Tier 5). The State filed a motion to declare Johnson a habitual offender as to the first of the two Possession charges. That motion was granted by the Court on October 4, 2013. Johnson was sentenced, effective May 2, 2013, as follows: (a) as to the first Possession charge, seven years at Level V, and (b) as to

the second Possession charge, ten years at Level V, suspended after two years for periods of partial incarceration and probation.

2.     Johnson previously has filed several motions to modify his sentence, all of which have been denied by this Court.[1] In his present motion, which he supplemented on January 19, 2017,[2] Johnson alleges his sentence should be modified because he has been diagnosed with allergies, sinus infections and blockages, and severe sleep apnea and has been denied care by the Department of Correction ("DOC") for documented sinus and allergy issues. Specifically, Johnson contends that DOC has acknowledged that he should have received follow-up care after an initial diagnosis of ear and sinus infections in February 2016, but that such care was not received. Johnson contends his sentence therefore should be modified with the balance of his Level V sentence suspended "due to neglect and the continued treatment that is going to be required in properly treating his sleep apnea."[3] Johnson also seeks appointment of counsel to assist him in substantiating his claims, along with a hearing before this Court. Johnson points to this Court's decision in *State v. DeRoche*, in which the Court suspended a portion

---

[1] *See* D.I. 27, 43.
[2] D.I. 56
[3] D.I. 55 at 5.

2

of a defendant's Level V sentence due to severe health problems that were not treated properly while the defendant was incarcerated.[4]

3.     Before this Court considers the merits of a motion under Rule 35, it first must consider whether the motion satisfies the procedural requirements of that rule, namely timeliness and non-repetition.  The intent of Rule 35(b) historically has been to provide a reasonable period for the Court to consider altering its sentencing judgments.[5]  Under the rule, this Court has broad discretion to decide if it should alter its judgment when a motion for reduction of sentence is filed within 90 days of sentencing.[6]  "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[7]

4.     A Rule 35 motion filed more than 90 days after a sentence is imposed is untimely unless the movant demonstrates that "extraordinary circumstances" have prevented him from seeking relief on a timely basis.  In order to "uphold the finality of sentences," Delaware law places a heavy burden on the moving party to

---

[4] 2003 WL 22293654 (Del. Super. Aug. 29, 2003).

[5] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (*per curiam*).

[6] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[7] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541-43 (2d Cir. 1968) (explaining the time limitation and purpose of then-extant sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Rule 35(b))).

establish extraordinary circumstances.[8] In *State v. Lewis*, former Chief Justice Steele described the "extraordinary circumstances" excusing an untimely Rule 35(b) motion as circumstances that "specifically justify the delay," are "entirely beyond a petitioner's control," and "have prevented the applicant from seeking the remedy on a timely basis."[9] The Supreme Court in *State v. Diaz* adopted former Chief Justice Steele's description of extraordinary circumstances.[10] Mitigating factors that could have been presented at sentencing, as well as exemplary conduct or successful rehabilitation while incarcerated, do not constitute "extraordinary circumstances."[11]

5. In *DeRoche*, this Court held that untreated, severe health problems, unknown to the defendant at the time of sentencing, constituted "extraordinary circumstances" justifying consideration of the merits of a Rule 35 motion filed outside the 90-day time period.[12] The defendant in *DeRoche* suffered from heart problems and high blood pressure, had to be admitted to the hospital, was at a documented, substantial risk of further heart complications, and the record showed

---

[8] *State v. Johnson*, 2006 WL 3872849, at *3; *see also State v. Diaz*, 113 A.3d 1081 (Del. 2015) (TABLE).

[9] 797 A.2d 1198, 1203-05 (Del. 2002) (Steele, J., dissenting); *see also Diaz*, 113 A.3d 1081.

[10] 113 A.3d 1081.

[11] *State v. Liket*, 2002 WL 31133101 (Del. Super. Sept. 25, 2002) (finding exemplary conduct or successful rehabilitation during incarceration does not qualify as extraordinary circumstances and relief for such achievements is more properly addressed to the parole board); *see also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro*, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (stating that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence").

[12] 2003 WL 22293654, at *3 (Del. Super. Aug. 29, 2003).

4

DOC and its treatment providers repeatedly had failed to follow the physicians' instructions regarding medication and treatment. Under those circumstances, this Court held that "some reduction in sentence is warranted, but not a reduction that would terminate his sentence immediately given the seriousness of the offenses."[13]

6.  More recently, in *Valentine v. State*, the Delaware Supreme Court held that a defendant's summary allegations that DOC failed to treat an eye infection were not "extraordinary circumstances" meriting consideration of an otherwise untimely Rule 35 motion.[14] In *Valentine*, the defendant did not offer any documentation that he was not receiving adequate medical care.[15] Similarly, in *Richmond v. State*, the Delaware Supreme Court held that the defendant's allegation that he was not receiving adequate treatment for sickle cell anemia did not constitute an "extraordinary circumstance" justifying consideration of an untimely and repetitive Rule 35 motion.[16] In *Richmond*, the defendant provided documentation of his sickle cell anemia diagnosis and records indicating he sought other treatment, but the Court noted: "Richmond has not pursued relief under Section 4217 or shown that the DOC is providing inadequate care. Under these circumstances, the Superior Court did not err in denying Richmond's untimely and

---

[13] *Id.* at *5.
[14] 106 A.3d 1050 (TABLE), 2014 WL 7894374, at * 2 (Del. Dec. 31, 2014).
[15] *Id.* at *2.
[16] 149 A.3d 1020 (TABLE), 2016 WL 6092472, at *2 (Del. Oct. 18, 2016).

repetitive motion for sentence modification."[17] The *Richmond* Court distinguished *DeRoche* on the basis that the defendant in *DeRoche* had "served more than half his sentence, there was no indication that the defendant had filed numerous motions for sentence modification, and there was a well-documented record of inadequate medical care."[18]

7. Johnson's Motion for Modification was filed well beyond the 90-day limit in Rule 35. Although Johnson contends his untreated health issues constitute extraordinary circumstances, his case is substantially different from the circumstances in *DeRoche*. First, although Johnson submitted documentation that he did not receive timely care for his ear and sinus issues, he seeks modification on the basis of his sleep apnea diagnosis, for which he submitted no documentation. In addition, unlike DeRoche, Johnson's file in this case is replete with meritless motions, including numerous Rule 35 motions. Accordingly, and consistent with *Valentine* and *Richmond*, Johnson's Motion for Modification procedurally is barred. Johnson may avail himself of 11 *Del. C.* § 4217, which is the proper mechanism to address requests to modify a sentence based on "serious medical illness or infirmity of the offender."[19] There also may be civil remedies for Johnson's alleged inadequate care.

---

[17] *Id.* at *2 (citations omitted).
[18] *Id.* at n.6.
[19] 11 *Del. C.* § 4217(c).

8.    Johnson also filed a Motion to Compel on March 6, 2017, asking the Court to compel Patrick Collins, Esq. to represent Johnson for purposes of a motion for modification of sentence under 11 *Del. C.* § 4214(f), as enacted by 80 Del. Laws ch. 321 (2016).[20] Mr. Collins' former partner represented Johnson at the time of sentencing and Johnson therefore seeks an order of this Court compelling Mr. Collins to represent Johnson for purposes of a motion for modification of his sentence imposed under the habitual offender statute.

9.    Under Special Rule 2017-1, issued by this Court on February 10, 2017, the "attorney of record at the time of the judgment of sentence the petitioner seeks to have modified shall represent the petitioner in proceedings under this rule, but if the attorney of record is unavailable, the Office of Defense Services shall represent the petitioner in proceedings under this rule."[21] Johnson's counsel of record at the time of sentencing is not available to represent him, because he presently is employed by the Department of Justice. That does not mean, however, that Mr. Collins is required to represent Johnson. Special Rule 2017-1 expressly provides for such a circumstance and requires the Office of Defense Services to represent a defendant under those circumstances. No further order of this Court need issue regarding Johnson's representation, but a copy of this order will be forwarded to the Office of Defense Services.

---

[20] D.I. 58.
[21] Del. Super. Ct. Spec. R. 2017-1(b).

7

**NOW, THEREFORE, IT IS ORDERED** this 9th day of March, 2017 that

Marcus J. Johnson's Motion for Sentence Modification and Motion to Compel are

**DENIED**.

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Robert J. O'Neill, Jr., Deputy Attorney General
      Todd E. Conner, Esquire, Office of Defense Services
      Marcus J. Johnson, *pro se* (SBI No. 00306874)