**THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE       )
                               )
      v.                     )      I.D. No. 2312010152
                               )
TIMOTHY HALSEY,         )
           Defendant.        )

Date Submitted: April 1, 2025
Date Decided: April 21, 2025

**ORDER DENYING TIMOTHY HALSEY'S MOTION
FOR REDUCTION/MODIFICATION OF SENTENCE**

Upon consideration of the Motion for Modification and/or Reduction of Sentence filed by Defendant Timothy Halsey ("Halsey"), Superior Court Criminal Rule 35; the facts, arguments and legal authorities set forth in the Rule 35 Motion; statutory and decisional law; and the entire record in this case:

1. Pursuant to Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[1] The intent of Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[2] Where a motion for reduction of sentence is filed under Criminal Rule 35(b) within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[3]

---

[1] Super. Ct. Crim. R. 35(b).
[2] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (*per curiam*).
[3] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

"The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[4]

2.      Defendant filed the instant Rule 35 Motion within this 90-day time frame, as he was sentenced on January 24, 2025,[5] and his motion was filed on April 1, 2025.[6]   His motion is timely.

4.      While timely, his motion is without merit.   On October 14, 2024, Halsey pled guilty to two charges of Robbery; one count of Robbery First Degree and one lesser-included-offense of Robbery Second Degree.[7]   While the plea agreement requested a pre-sentence investigation and did not state there was an agreement on sentencing, it did state that the State agreed to cap its Level V recommendation at five (5) years.[8]   At the time Halsey pled, pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court addressed Halsey personally and in open court and ultimately determined he understood the nature of the charges to which the plea was offered, the mandatory minimum penalty provided by law, and the maximum possible penalty provided by law.   Accordingly, Halsey

---

[4] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541–43 (2d. Cir. 1968) (explaining the time limitation and purpose of then-existent sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).

[5] *State v. Timothy Halsey*, Crim. I.D. No. 2312010152, Docket Item ("D.I.") 10.

[6] D.I. 11.

[7] D.I. 9.

[8] *Id.*

acknowledged in open court that the range of possible penalties included the sentence that was to be requested by the State, which was ultimately imposed by the Court in this case.

5.  In considering the appropriate sentence to impose, the Court considered the victim impact statements, the submissions of the State, arguments of defense counsel and Halsey himself, a detailed pre-sentence investigation, Halsey's criminal history, SENTAC guidelines, and the statutory range of penalties for each offense set by the legislature.  The Court found the following SENTAC aggravators at the time of sentencing:  Prior Violent Criminal Activity, Repetitive Criminal Conduct, Undue Depreciation of the Offense, Lack of Amenability to Lesser Sanctions and Custody Status at the Time of the Offense.  The following mitigators were also found:  Physical/Mental Impairment, Acceptance of Responsibility and Treatment Needs Exceeds Need for Punishment.[9]

7.  Halsey was sentenced to twenty-five (25) years of Level V, suspended after five (5) years, for ten (10) years of Level IV, suspended after six (6) months, for eighteen (18) months at Level III probation for the offense of Robbery First Degree.  The first three years of that sentence are minimum mandatory pursuant to 11 *Del. C.* § 832.  For the charge of Robbery Second Degree, Halsey was sentenced

---

[9] D.I. 10.

to five (5) years of Level V, suspended immediately for eighteen (18) months concurrent probation.[10] The sentence was imposed after full consideration of all the above factors and the reasoning for those were placed upon the record.

8. Halsey now moves for modification and/or reduction of his sentence. In his motion, he asks the Court to reduce his five (5) years of incarceration to three (3) and seeks removal of the Level IV portion of his sentence. In support of this request, he argues remorse, rehabilitation, family hardship, and his plans in pursuit of higher education.[11] To the extent that Halsey argues points not previously considered by the Court at the time of sentencing, nothing presented in his motion justifies reducing his sentence.

8. While it is commendable that Halsey has successfully completed programs available in prison, completion of programs while incarcerated and/or good behavior in prison is not a basis to modify or reduce a sentence that was appropriate at the time of sentencing.[12]

---

[10] *Id.*

[11] D.I. 11.

[12] *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board). *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro*, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (concluding that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction of his sentence.").

9. The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction or modification of this sentence. Indeed, upon consideration of Defendant's Rule 35 Motion, the Court finds that the sentence imposed was well within the statutory guidelines, as well as reasonable and just under the circumstances presented.

10. Accordingly, for the reasons stated above, this Court finds that Defendant has not demonstrated cause for the relief sought in the Rule 35 Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Halsey's Motion for Modification and/or Reduction of Sentence is **DENIED**.

_____
**Danielle J. Brennan, Judge**

Original to Prothonotary

cc: Timothy Halsey, SBI# 01026553
Brett Fallon, Esquire, Deputy Attorney General
Investigative Services

5