# THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. 2301010369 |
| | ) | |
| TAVION WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: January 12, 2026
Date Decided: March 17, 2026

## ORDER DENYING DEFENDANT'S MOTION
## FOR REDUCTION/MODIFICATION OF SENTENCE

Upon consideration of the Motion for Reduction/Modification of Sentence filed by Tavion Washington; Superior Court Criminal Rule 35(b); the facts, arguments and legal authorities set forth in the motion; statutory and decisional law; and the entire record in this case:

1. On October 11, 2023, Defendant Tavion Washington (hereinafter "Washington" or "Defendant") pled guilty to one count of Possession of a Firearm During the Commission of a Felony in the above captioned case. He was immediately sentenced to the five (5) year minimum mandatory sentence, with eighteen (18) months of Level III probation to follow.[1]

2. On January 12, 2026, Washington filed the instant motion for sentence

---

[1] *State v. Tavion Washington*, Crim. Act. No. 2301010369, Docket Item (hereinafter "D.I.") 17.

"reduction/modification."[2]   As ground for his motion, Washington cites that he is a Level V building worker, that he has completed his GED, is now a tutor, a cook in the kitchen and has additional jobs, as well as his completion of the basic and advanced workshops of Alternatives to Violence.

3.      Pursuant to Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[3]   The intent of Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[4] Where a motion for reduction of sentence is filed, under Criminal Rule 35(b), within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[5] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[6]

4.      Washington filed his motion more than 90 days after imposition of the

---

[2] D.I. 23.
[3] Super. Ct. Crim. R. 35(b).
[4] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).
[5] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[6] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541–43 (2d. Cir. 1968) (explaining the time limitation and purpose of then-existent sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Criminal Rule 35(b)).

2

sentence and is, therefore, time-barred.[7] The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[8] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[9] Mitigating factors that could have been presented at sentencing, exemplary conduct or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[10] The Court does not find the existence of any extraordinary circumstances in connection with Washington's motion. Moreover, Washington has not demonstrated good cause

---

[7] Defendant was sentenced on October 11, 2023. D.I. 17.

[8] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[9] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[10] *Culp*, 152 A.3d at 145–46; *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board). *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro*, No. 89 Cr. 001, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (stating that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence.").

certifying that his release will not constitute a substantial risk to the community or to himself.

5. Despite his motion being time barred, it is nonetheless without merit. The sentence in this case was imposed pursuant to a Plea Agreement between the State and Washington and signed by Washington, in which he acknowledged the five (5) year Level V time minimum mandatory. Pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court addressed Washington personally in open court and determined that he understood the nature of the charge to which the plea was offered, the mandatory minimum penalty provided by law, five years, and the maximum possible penalty provided by law. Accordingly, Washington acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.

6. In considering the appropriate sentence to impose, the Court considered the arguments of counsel for the State and for Washington, his criminal history and custody status at the time of these offenses, the facts and circumstances surrounding his crime, and the statutory range of penalties for this offense set by the legislature.

7. Defendant's motion sets forth that while incarcerated, he has obtained his GED and has since become a tutor in the program, as well as having earned a job as a cook in the kitchen. This is the very behavior that the Court was hopeful that

Washington would engage in while at Level V and can only serve to help him when he is eventually released. However, conforming with Department of Correction rules and regulations while at Level V is the expectation and not considered as a basis for a motion for sentence modification. Washington also argues that he has completed various programming while incarcerated, including the basic and advanced workshops of Alternatives to Violence. Again, while completion of these workshops while incarcerated will serve to assist Washington in his rehabilitative efforts, it is not a legal basis to modify or reduce a sentence that was appropriate at the time of sentencing.[11]

8.     Further, and most importantly, the sentence Washington received is a minimum mandatory sentence pursuant to 11 *Del. C.* § 1447A. The Court has no discretion to reduce this sentence. This was discussed with Washington at the time of his plea, upon which he stated he understood the full penalties that accompany his

---

[11] *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002) (explaining that exemplary conduct or successful rehabilitation during incarceration does not qualify as "extraordinary circumstances" and relief for such achievements is more properly addressed to the parole board). *See also United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro*, 1992 WL 73366, at *1 (S.D.N.Y. Apr. 1, 1992) (concluding that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction of his sentence."); *See also State v. Lindsey*, 2020 WL 4038015, n.23 (Del. Super. July 17, 2020) (collecting cases).

conviction. Even if the Court was inclined to modify his sentence for the reasons stated in his motion, it has no power to do so.

9. Washington's sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction or modification of this sentence. Indeed, upon consideration of Defendant's motion for modification/reduction of sentence, the Court finds that the sentence imposed was well within the statutory guidelines, as well as reasonable and just under the circumstances presented.

8. Accordingly, for the reasons stated above, Washington cannot and has not demonstrated cause for the relief sought under Rule 35(b).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that TAVION WASHINGTON's Motion for Reduction/Modification of Sentence is **DENIED**.

_____
**The Honorable Danielle J. Brennan**

Original to Prothonotary

cc: Tavion Washington, SBI# 00801967
Department of Justice

6